IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 3:13cr00009-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| MARICEO ANTHONY CRAWFORD, | ) | By: Norman K. Moon |
|     Petitioner. | ) | United States District Judge |

Petitioner Mariceo Anthony Crawford, a federal inmate, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his 156-month sentence based on an ineffective assistance of counsel claim following a guilty plea. The court appointed the Federal Public Defender's Office to represent Crawford related to any claims that he might have in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015). The Public Defender's Office declined to file a supplemental motion. The government filed a motion to dismiss and Crawford responded. Accordingly, this matter is ripe for consideration. I conclude that Crawford's ineffective assistance of counsel claim fails to meet the exacting standard set forth in *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Therefore, I will grant the government's motion to dismiss.

I.

On May 28, 2014, a grand jury returned a six-count indictment against Crawford charging him with: knowingly and intentionally distributing 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) ("Count One"); knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Counts Two and Three"); and knowingly and intentionally distributing a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(D) ("Counts Four, Five and Six"). On April 30, 2014, the government filed an information pursuant to 21 U.S.C. § 851, giving Crawford notice that he was subject to enhanced penalties based on a 2003 state felony conviction for manufacture, sale or distribution of a schedule I or II controlled substance. (§ 851 Notice, ECF No. 41.)

Crawford pleaded guilty to Count One, pursuant to a written plea agreement. The government agreed to dismiss the remaining counts of the indictment. The plea was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and called for an agreed sentence of 156 months' incarceration. At the guilty plea hearing, Crawford affirmed that he had had ample time to consult with counsel before signing the plea agreement. (Plea Hr'g Tr. 3, ECF No. 43.) Crawford further affirmed that he was "fully satisfied with the counsel, representation and advice given" to him by his lawyer. (*Id.* at 4.) The prosecutor summarized the terms of the plea agreement. (*Id.* at 5-9.) The prosecutor noted that a conviction for distributing 28 grams or more of cocaine base generally resulted in a punishment range of five to forty years' incarceration. However, because the government had filed a career offender enhancement, the statutory penalty increased to ten years to life. (*Id.* 6.) Crawford affirmed that he understood the range of punishment provided by law. (*Id.* at 7.) Further, Crawford affirmed his understanding that by pleading guilty, he gave up his right to appeal and to collaterally attack his sentence except for matters that cannot be waived by law or that allege ineffective assistance of counsel. (*Id.* at 13.)

The prosecutor summarized the evidence against Crawford: on July 24, 2012, police videotaped a confidential informant purchasing two ounces of crack cocaine from Crawford for $1,800. (*Id.* at 15.) The police had previously made five additional undercover purchases of drugs from Crawford. (*Id.*) I found that Crawford was fully competent and capable of entering an informed plea and that his guilty plea was knowingly and voluntarily made. (*Id.* at 16.)

The probation office prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing. The PSR recommended a total offense level of 34 because Crawford qualified as a career offender under USSG § 4B1.1. (PSR ¶ 20, ECF No. 51.) Without the career offender designation, Crawford's base offense level would have been 23, taking into consideration a three-level reduction for acceptance of responsibility. (*Id*. ¶ 19.) The PSR reflected two prior felony convictions to support the career offender enhancement: (1) an October 8, 2003 state court conviction for two counts of distribution of cocaine, resulting in a twenty-two year sentence with nineteen years suspended; and (2) a December 5, 2003 state court conviction for distribution of cocaine, resulting in a twenty year sentence with eighteen years suspended. (*Id*. at ¶¶ 26, 27.) Crawford's criminal history category was VI because of his career offender status, resulting in a guideline imprisonment range of 262 to 327 months' incarceration and he faced a statutory mandatory minimum sentence of ten years' to life imprisonment. (*Id*. at ¶¶ 54, 55.) Without the career offender status, his advisory guidelines range would have been 70 to 87 months' incarceration.

At the sentencing hearing, Crawford stated that he had had an opportunity to review the PSR and he did not have any issues to dispute. (Sent. Hr'g Tr. 3, ECF No. 72.) Counsel did not object to Crawford's career offender designation because he concluded that Crawford's two prior convictions for a controlled substance offense technically satisfied the statute's requirements. However, counsel noted that Crawford had only two prior convictions and those convictions were related, which made the issue of whether Crawford should be classified as a career offender a close one: Crawford was arrested on March 6, 2003 for drug distribution, and at that time was found to have additional drugs in his possession, which resulted in an additional charge in a separate indictment. (*Id*. at 5.) I sentenced Crawford to the agreed-upon sentence of 156

3

months' incarceration. (*Id*. at 12.) He did not appeal. In his § 2255 motion, Crawford alleges that counsel provided ineffective assistance by failing: (1) to object to the use of a prior drug conviction to enhance his sentence under 21 U.S.C. § 851 and (2) to challenge the computation of his criminal history points and his status as a career offender.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Crawford bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965).

## III.

The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. *United States v. Baptiste,* 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. *Strickland*, 466 U.S. at 687. When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689;

*Gray v. Branker,* 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 690.

To satisfy the prejudice prong of *Stickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**A. Failure to Object to § 851 Enhancement**

First, Crawford argues that counsel provided ineffective assistance by failing to object to his sentence enhancement pursuant to § 851 for a prior felony drug conviction. For Count One, Crawford faced a statutory mandatory sentence of five to forty years' imprisonment. 21 U.S.C. § 841(b)(1)(B). However, the statute provides for an increased sentence of ten years to life if the defendant has a prior conviction for a felony drug offense. *Id*. The notice of enhanced punishment relied on a 2003 state court conviction for two counts of distribution of cocaine. (PSR ¶ 26, ECF No. 51.)

Crawford argues that he was improperly subjected to a § 851 enhancement because "two prior drug offenses were counted as two priors instead of one." (§ 2255 Mot. 3, ECF No. 56.) However, the government did not rely on two convictions; it relied on one conviction that included two counts of cocaine distribution. Moreover, the statute requires only one prior felony drug conviction to trigger an enhanced penalty. Accordingly, the § 851 enhancement was

properly applied to Crawford. Failure to raise meritless objections cannot constitute ineffective assistance of counsel. *See, e.g., United States v. Kilmer*, 167 F.3d 889, 893 (5th Cir. 1999) (noting that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"). Because Crawford qualified for the enhancement due to a prior felony drug conviction, his counsel did not provide ineffective assistance for failing to object to it. *Strickland*, 466 U.S. at 687.

### B. Failure to Object to Criminal History Points and Career Offender Status

Crawford also argues that counsel was deficient for failing to object to a miscalculation of his criminal history points, which exposed him to a higher advisory guidelines range. Specifically, he argues that he should not have received three points for each of his two prior state court drug convictions. However, whether the PSR miscalculated his criminal history points is immaterial because Crawford cannot establish prejudice. *Strickland*, 588 U.S. at 694. When a defendant is designated as a career offender, his criminal history category becomes a VI, regardless of what the category would have been without such a designation. USSG § 4B1.1(b). It was his status as a career offender that established his guideline range and the calculation of his criminal history points did not affect it. Accordingly, Crawford cannot show that even if a miscalculation had occurred, that the "result of the proceeding would have been different." *Strickland*, 588 U.S. at 694.

Crawford also asserts that counsel was ineffective for failing to object to his classification as a career offender. He claims that the designation should not have applied to him because he has only one prior qualifying conviction. Crawford's argument is unavailing.

In order to qualify as a career offender, Crawford must have had at least two prior convictions for a controlled substance offense.[1] The guideline defines a "controlled substance offense" as an offense involving a controlled substance that is punishable by more than a year in prison. USSG § 4B1.2(b). The guidelines also require that "the sentences for at least two of the aforementioned felony convictions [be] counted separately." USSG § 4B1.2(c). Prior sentences are counted separately unless "(A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." USSG § 4A1.2.

Crawford had two prior state court convictions for cocaine distribution: he was sentenced in Charlottesville Circuit Court on October 8, 2003, to twenty-two years' incarceration with nineteen years suspended and he was sentenced in Albermarle Circuit Court on December 5, 2003, to twenty years' incarceration and eighteen years suspended. These two convictions, involving two separate crimes, did not rely on the same charging document, as they were brought in different courts and resulted in two separate sentences imposed on different dates. Accordingly his two prior drug convictions support the career offender enhancement and Crawford cannot establish that counsel acted ineffectively. *Strickland*, 466 U.S. at 687.

Moreover, counsel raised the issue at sentencing. Although counsel stated that he believed the career offender designation technically applied to Crawford, he noted that the events that led to those two convictions were related. In 2003, Crawford was arrested for selling drugs to a confidential informant the previous year. When he was taken into custody he revealed that

---

[1] The text of the applicable sentencing guideline provides:

> (a)  A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).

7

he had additional drugs on his person. Those additional drugs led to the second state court felony drug conviction used to support his career offender status. Counsel noted that those were his only prior convictions and that he had made every effort to determine whether the career offender classification applied. "I think that the part that is really hung everybody up, on our side, was the classification as a career offender. We've worked this thing up one side and down the other. We have gotten all the original records of the state court convictions, looked at the time lines. . . ." (Sent. Hr'g Tr. 9, ECF No. 72.) Ultimately, however, because counsel determined that the career offender designation did apply to Crawford, he did not object to the PSR. Counsel's actions with regard to the career offender enhancement appear to have been strategically sound. *See Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (noting that "counsel has a wide latitude in deciding how best to represent a client"). Accordingly, Crawford's claim that counsel provided ineffective assistance by failing to object to his prior felony drug convictions is without merit. Crawford cannot establish that counsel acted unreasonably with regard to his criminal history computation or the career offender designation or that he suffered prejudice from his counsel's action. *Strickland*, 466 U.S. at 687.

## IV.

For the reasons stated herein, I will grant the government's motion to dismiss.

**ENTER:** This  28th  day of June, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE